Matthew **ESQUIVEL,** Appellant,

v.

The **STATE of Texas,** Appellee.

No. 11–04–00084–CR.

Court of Appeals of Texas, Eastland.

Oct. 20, 2005.

---

Panel consists of: WRIGHT, C.J., and McCALL, J., and HILL, J.[1]

## OPINION

JOHN G. HILL, Justice (Assigned).

Matthew Esquivel appeals his conviction by a jury of the offense of indecency with a child. The jury assessed his punishment at three years in the Texas Department of Criminal Justice—Institutional Division. He asserts in two issues that the trial court erred in limiting his attorney's final argument by not allowing him to comment on the State's failure to provide certain evidence where a portion of the evidence was excluded by his attorney's objection and that the trial court erred when it allowed the prosecution to argue outside the record that Esquivel could obtain counseling while in prison. We affirm the judgment as to Esquivel's conviction, reverse the judgment as to Esquivel's punishment, and remand for a new hearing on punishment.

■ Esquivel contends in issue one that the trial court erred in limiting his attorney's final argument by not allowing him to comment on the State's failure to provide certain evidence where a portion of the evidence was excluded by his attorney's objection. In its opening statement, the State told the jury that it expected to call Raymond Waters who would testify to the outcry statements made by his stepdaughter, the complainant. Esquivel successfully excluded this evidence during the trial. In a hearing outside the presence of the jury, counsel for Esquivel stated that

he intended to comment that "Waters was promised to testify and he did not" or that Waters "was going to offer us all this testimony and he did not." The trial court sustained the State's objection on the basis that the testimony had been excluded by Esquivel's objection. The trial court told Esquivel's counsel, "You can say that there's no testimony that points directly to this other than the testimony of the child." Subsequently, Esquivel's counsel argued, "Mr. Waters told us nothing," without objection.

Joann Sarabia is a witness who was trained in forensic interviewing and who had given presentations concerning forensic interviewing of child sexual abuse victims. In voir dire questioning prior to her testifying before the jury, Sarabia said that she was going to testify concerning the complainant's responses to her questions. After she made that statement, the State made an offer of proof, stating that it had no intention of going into Sarabia's actual interview with the complainant. Upon being questioned by the court, the State again represented that it did not intend to get into Sarabia's assessment of the complainant or what the complainant told her in the interview. In closing argument, counsel for Esquivel argued, "Joann Sarabia testified about forensic interviewing. How much information did Joann Sarabia tell us about the allegations against that young man? How much? Think back." The State objected to the argument, arguing that it was disingenuous to talk about what Sarabia did not say when the defense knew that it was not admissible and had objected to it. The State contended that the argument was

---

misleading to the jury. The trial court admonished Esquivel's counsel that he could argue that Sarabia's testimony did not establish anything but could not complain that the State did not present any evidence about it. Defense counsel answered, "Okay." When counsel argued, "Ladies and gentlemen, with regard to Ms. Sarabia, I will say, and I think you will recall, that there is no evidence, no evidence that discusses the fact which form," the trial court sustained the State's objection. Esquivel's counsel subsequently argued, without objection, that "[Ms.] Sarabia told us nothing."

The Texas Court of Criminal Appeals has held that there are four permissible areas of jury argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex.Cr.App.1992). The argument that Esquivel sought to make was to point out that the State had promised to produce certain evidence before the jury but had not done so. This argument could be said to be a summation of the evidence and a response to a statement of opposing counsel. Although not a response to an argument of opposing counsel, we see no reason why a response to the opening statement of opposing counsel would not fall within this area of permissible argument. We also find that the argument that Esquivel sought to make about Sarabia's testimony also fell under the acceptable category of summation of the evidence.

The State contends that Esquivel's arguments were misleading because they suggested to the jury that these two witnesses had nothing to offer regarding the allegations against Esquivel. As we read the arguments, they make no such suggestion. The arguments only referred to the fact that evidence had not been presented to the jury. Because the arguments were not misleading and fell within the acceptable areas of argument, we hold that the trial court erred by sustaining the State's objection to the arguments.

■ If this error is constitutional and is subject to harmless error review, we must reverse the judgment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX.R.APP.P. 44.2(a). If the error is not a constitutional error, we must disregard it if it does not affect substantial rights. TEX.R.APP.P. 44.2(b). Improper denial of jury argument can constitute a denial of the right to counsel. *Riles v. State*, 595 S.W.2d 858, 861 (Tex. Cr.App.1980); *Spangler v. State*, 42 Tex. Crim. 233, 61 S.W. 314, 322 (Tex.Cr.App. 1900).

■ The purpose of Esquivel's arguments was to emphasize that there was neither evidence presented to the jury showing what the complainant said to Waters nor evidence from Sarabia regarding the charges the jury was considering. As we have previously noted, Esquivel, without objection, argued that "Mr. Waters told us nothing," and "[Ms.] Sarabia told us nothing." We find beyond a reasonable doubt that, in view of Esquivel making these arguments without objection and in view of all of the evidence, any error by the trial court in sustaining objections to Esquivel's arguments did not contribute to his conviction or punishment. We overrule issue one.

■ Esquivel urges in issue two that the trial court erred by allowing the prosecution to argue outside the record. Esquivel presented the testimony of Ross Bush, a community supervision officer for Midland County. Bush testified to the basic conditions of community supervision

stating that Esquivel would be required to attend sex offender counseling. There was no testimony regarding the availability of sex offender counseling in prison. The State, in its argument to the jury, agreed that Esquivel needed help but then suggested that the only question the jury had to answer was whether it wanted Esquivel in prison while getting help. The trial court overruled Esquivel's objection that the argument was outside the record. The prosecutor then made the following argument:

> Do you want him in prison while he's receiving this help for his problems or where he's not going to hurt anybody while he's getting this help or do you want him out on the streets? To me, I respectfully submit to you that is the issue here, not whether the Defendant needs help, needs counseling because he does. It's where should he be while he's getting that help?

■ The record contains no evidence that sexual counseling is available in the Texas Department of Criminal Justice—Institutional Division or whether, if it is, it would be available to Esquivel. The prosecutor may not use closing argument to get evidence before the jury that is outside the record and prejudicial to the accused. *Borjan v. State,* 787 S.W.2d 53, 57 (Tex.Cr. App.1990). Reference to facts that are neither in evidence nor inferable from the evidence is improper. *Id.* The prosecutor's argument suggested, without any evidentiary support, that Esquivel could receive help while in prison. We hold that the trial court erred by not sustaining Esquivel's objection to the argument because it contained evidence outside the record that was prejudicial to the accused. We disagree with the State's assertion that one might reasonably infer from the fact that the Texas prison system is "vast in nature" that it necessarily provides sexual counseling services to inmates or that such counseling, if available, would be provided to Esquivel.

■ Improper jury argument by the State constitutes nonconstitutional error. *Daggett v. State,* 103 S.W.3d 444, 451 (Tex. App.-San Antonio 2002, pet'n granted). A substantial right is affected and reversible error is committed when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Morales v. State,* 32 S.W.3d 862, 867 (Tex. Cr.App.2000). In determining whether to recommend that Esquivel be placed on community supervision or to assess time in the Texas Department of Criminal Justice—Institutional Division, whether Esquivel would receive help in the form of sexual counseling would be a key consideration. By suggesting that Esquivel could receive such help in prison, the State was suggesting that it really did not matter, as far as counseling was concerned, whether the jury recommended community supervision or assessed Esquivel time in the Texas Department of Criminal Justice—Institutional Division. It framed the whole issue regarding punishment as to whether Esquivel would receive counseling while on community supervision or in prison, without any evidence that such counseling was available to prison inmates. We hold that this argument would have had a substantial and injurious effect or influence in determining the jury's verdict and, therefore, affected Esquivel's substantial rights. We agree with the State's contention that the argument was not about whether Esquivel would get help but that society be protected from him wherever he was receiving help but that its argument was based on facts that were outside the record, that were prejudicial to the accused, and that would have had a substantial and injurious effect or influence on the jury's verdict.

We find the case at bar to be distinguishable from the case of *McCray v. State,* 873 S.W.2d 126 (Tex.App.-Beaumont 1994, no pet'n). In *McCray,* a murder case, the defendant testified at trial, downplayed his involvement, blamed the victim, and indicated a strong need for psychological counseling through community supervision. *McCray v. State, supra* at 129. In closing argument, the prosecutor argued, "All the counseling he can get is in prison for as long as we can send him there." *Id.* The court held that this was not an attempt to inject new evidence but was, instead, a plea for law enforcement. We agree, for it appears that the thrust of the argument was not that counseling was available in prison, but that the defendant needed a long prison sentence, not counseling. In the case at bar, the prosecutor sought to convey the idea that such counseling was available in prison. We sustain issue two.

We affirm the trial court's judgment as to Esquivel's conviction. We reverse the judgment as it relates to his punishment, and we remand to the trial court for a new punishment hearing.

