Opinion filed April 6, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 6, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00103-CR 

 

                                                    __________

 

                         JACOBY DOMINIQUE WILLIAMS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 70th District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. A-30,844

 



 

                                                                   O
P I N I O N

The jury
convicted appellant, Jacoby Dominique Williams, of the first degree felony
offense of aggravated robbery and assessed his punishment at fifteen years
confinement and a fine of $5,000.  We
affirm.

                                                               Background
Facts








On June
29, 2003, appellant and his brother stole beer from a convenience store in
Odessa.  They later returned to the store
and took money from the cash register. 
During the commission of the offense, appellant and his brother
assaulted the store clerk.  They punched
the clerk in the face and chest and knocked him to the floor.  Appellant and his brother then proceeded to
kick and stomp him.  Despite the clerk=s pleas for them to stop the beating,
appellant and his brother continued the attack for about three minutes.  The attack resulted in the clerk suffering
serious injuries.

In a
separate trial, appellant=s brother pleaded guilty to the offense of
aggravated robbery.  The jury assessed
his punishment at fifty-five years confinement. 
In this case, appellant pleaded not guilty to the aggravated robbery
charge.  After the jury found appellant
guilty of the offense, the case proceeded to the punishment phase.  During jury argument in the punishment phase,
the State argued that the jury should sentence appellant to a minimum of thirty
years confinement in prison. Appellant=s counsel asked the jury to consider a
probated sentence.  The jury assessed
appellant=s punishment at fifteen years confinement.

                                                                  Issue
on Appeal

In his
sole appellate issue, appellant contends that the State made an improper jury
argument during the punishment phase of the trial.  Specifically, appellant complains about the
following comment:

[PROSECUTOR]:
If he wants a GED and learned [sic] how to drive a truck, and dental care, he
can get all that in the pen.

 

[DEFENSE
COUNSEL]: Your Honor, I=m going to object.  That=s outside the record.

 

[THE
COURT]: Overruled.

 

[PROSECUTOR]:
They provide all of that stuff for him. 
Free of charge B well, not free to him.

 

On appeal, appellant
argues that the trial court erred in overruling his objection to the State=s jury argument because the State=s comment presented matters not in
evidence.

                                                             Jury
Argument Issues








To be
proper, the State=s jury argument must fall into one of the
following four categories: (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
plea for law enforcement.  Felder v.
State, 848 S.W.2d 85, 94-95 (Tex. Crim. App.  1992); Esquivel v. State, 180 S.W.3d
689, 692 (Tex. App.CEastland 2005, no pet.).  The record does not contain any evidence
about educational or dental care opportunities in prison, and the State admits
that its comment presented matters outside the record.  However, the State contends that its comment
was proper because Athe fact that inmates can get education and
health care in [prison] is common knowledge among the general public who watch
television or read the newspapers.@  We
need not determine whether the State=s comment was proper because, even if the
comment was improper, the record shows that the comment did not harm appellant.

Improper jury argument by the State constitutes
nonconstitutional error.  Esquivel,
180 S.W.3d at 693.  Thus, if the State=s jury argument exceeds the bounds of
proper argument, the trial court=s
erroneous overruling of a defendant=s
objection to the argument is not reversible error unless it affected appellant=s substantial rights.  Tex.
R. App. P. 44.2(b); Martinez v. State, 17 S.W.3d 677, 692-93
(Tex. Crim. App. 2000); Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim.
App. 1998).  A substantial right is
affected and reversible error is committed when the error had a substantial and
injurious effect or influence in determining the jury=s
verdict.  Esquivel, 180 S.W.3d at
693.  In determining whether the
defendant=s
substantial rights have been affected, we balance the following factors: (1)
the severity of the misconduct (prejudicial effect); (2) curative measures; and
(3) the certainty of the punishment assessed absent the misconduct (likelihood
of the same punishment being assessed).  Hawkins
v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)(citing Martinez,
17 S.W.3d at 693-94); Burkett v. State, 179 S.W.3d 18, 30 (Tex. App.CSan Antonio 2005, no pet.).








The first factor concerns the severity of the
misconduct and focuses on the prejudicial effect of the comment.   Hawkins, 135 S.W.3d at 77.  The State=s
comment about education and dental care in prison was brief.  The State=s
jury argument is about nine pages long in the reporter=s
record.  The comment complained about by
appellant was one sentence of these nine pages. 
After the trial court overruled appellant=s
objection, the State briefly commented on the subject matter again.  The State=s
jury argument did not focus on education and dental care in prison.  Rather, the argument focused on the violent
nature of the crime, appellant=s
ongoing problems with alcohol and marihuana abuse, and appellant=s total lack of concern for the
victim.  The State commented on evidence
from the trial establishing that appellant and his brother had attacked and
beaten the victim, that they had seriously injured the victim, that the victim
was defenseless, that appellant and his brother continued beating the victim
even though the victim begged them to stop, that appellant and his brother
continued the attack for about three minutes, and that appellant showed no
concern for the victim during or after the attack.  The State argued that appellant deserved a
sentence of at least 30 years in prison. 
Because the State=s
comment about education and dental care was brief and because the State did not
focus on the comment during its argument, we find that the comment was unlikely
to prejudice appellant.  Therefore, the
first factor weighs in the State=s
favor. 

The second factor concerns curative measures taken
by the trial court.  In this case, the
trial court did not take any curative measures because it overruled appellant=s objection to the State=s argument.  However, the State did not emphasize the
comment about education and dental care. 
Therefore, the second factor does not weigh heavily against the State.

The third factor concerns the likelihood of the
same punishment being assessed absent the State=s
comment about education and dental care in prison.  The evidence established that appellant
committed a violent crime, causing the victim to suffer serious injuries.  As detailed above, the State=s jury argument focused on the nature
of the crime, appellant=s
ongoing substance abuse problems, and appellant=s
total lack of concern for the victim. 
Given the evidence set forth above in the analysis of the first factor,
we find that the jury would have assessed the same punishment in the absence of
the State=s comment
about education and dental care in prison. 
The jury wanted to sentence appellant to a lengthy prison term instead
of the probation requested by appellant. 
Therefore, the third factor weighs heavily in favor of the State.

In Esquivel, the jury convicted Esquivel of
the offense of indecency with a child. 
During the punishment phase of the trial, Esquivel presented testimony
from a community supervision officer that, if the jury placed Esquivel on community
supervision, Esquivel would be required to attend sex offender counseling.  Although there was no evidence regarding the
availability of sex offender counseling in prison, the prosecutor made comments
during jury argument suggesting that Esquivel could receive sex offender
counseling in prison.  The trial court
overruled Esquivel=s
objection that the State=s
argument was outside the record.  Esquivel,
180 S.W.3d at 692-93.  The jury assessed
Esquivel=s
punishment at three years confinement.  Id.
at 691.








Based upon the length of the sentence (three
years) in Esquivel, the jury could have recommended that Esquivel=s sentence be probated.  See Tex.
Code Crim. Proc. Ann. art. 42.12, '
4(d)(1) (Vernon Supp. 2005)(providing that a defendant is not eligible for
jury-recommended community supervision if the defendant is sentenced to a term
of imprisonment that exceeds ten years). 
In Esquivel, this court noted that, in determining whether to
recommend community supervision or to assess prison time, Awhether Esquivel would receive help in
the form of sexual counseling would be a key consideration.@ 
Esquivel, 180 S.W.3d at 693. 
In framing the punishment issue, the State had asked the jury whether it
wanted Esquivel in prison or out on the streets while he was getting counseling,
even though there was no evidence that counseling was available to prison
inmates.  Id.  This court stated that, by suggesting
Esquivel could receive counseling in prison, the State had suggested that it
did not matter, as far as counseling was concerned, whether the jury
recommended community supervision or assessed prison time.  We held that the State=s
argument, which addressed a key consideration and which was not supported by
evidence, had a substantial and injurious effect or influence in determining
the jury=s verdict
and, therefore, affected Esquivel=s
substantial rights.  Id.

This case is distinguishable from Esquivel.  Because the jury=s
sentence of appellant exceeded ten years, appellant was not eligible for
jury-recommended community supervision. 
Article 42.12, section 4(d)(1). 
The jury did not have to choose between community supervision and prison
time for appellant.  Whether appellant
could get a GED, truck driver training, and dental care in prison were not key
considerations in determining appellant=s
sentence. 

The State=s
comment about education and dental care did not harm appellant.  We overrule appellant=s
sole issue.

                                                               This
Court=s Ruling 

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

April 6, 2006

Do not publish.  See
Tex. R App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.