Opinion filed September 11, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
11, 2008

 

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00211-CR

                                                    __________

 

                              BOBBY BRYAN BROWNING, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 252nd District Court

                                                       Jefferson
County, Texas

                                                    Trial
Court Cause No. 90474

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Bobby Bryan Browning of aggravated sexual assault and assessed
his punishment at forty-five years confinement.  We affirm.








The
indictment alleged that, on or about September 1, 2003, appellant intentionally
and knowingly penetrated J.K.=s
female sexual organ with his finger.  At the time of the alleged offense,
appellant was twenty-eight years old, and J.K. was thirteen years old. 
Appellant does not challenge the sufficiency of the evidence to support his
conviction.  In his sole appellate issue, appellant contends that the trial
court erred in overruling his objections to allegedly improper jury argument
during the guilt/innocence phase of the trial.  Specifically, appellant
complains that the prosecutor improperly characterized him as a pedophile.  The
prosecutor stated that, A[i]f
the [appellant] is whom we claim he is, a pedophile, he will do this again.@  Appellant=s counsel objected to the
prosecutor=s statement
on the grounds that it was not Aan
inference of the evidence@
and that it was Anothing
but prejudice.@  The
trial court overruled the objections.  The prosecutor made additional remarks
about pedophiles, and appellant=s
counsel objected to the prosecutor=s
Acontinued use@ of the word Apedophile.@  The trial court overruled
the objection and permitted appellant=s
counsel to make a running objection to the prosecutor=s use of the word Apedophile.@

On
appeal, appellant contends Athat
the State=s remarks
were improper in that multiple parties were not alleged and nothing was
introduced into evidence concerning [appellant=s]
reputation for being or not being a pedophile.@ 
In essence, appellant argues that the prosecutor=s
remarks were improper because the State did not introduce evidence showing
appellant=s conduct
toward any children other than J.K.  To be proper, the State=s jury argument must fall
into one of the following four categories: (1) summation of the evidence; (2)
reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; or (4) plea for law enforcement.  Felder v. State, 848 S.W.2d
85, 94-95 (Tex. Crim App. 1992); Esquivel v. State, 180 S.W.3d 689, 692
(Tex. App.CEastland
2005, no pet.).  Counsel is allowed wide latitude in drawing inferences from
the record that are reasonable, fair, legitimate, and offered in good faith.  Shannon
v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996).

APedophile@ is defined as Aone affected with
pedophilia.@  Merriam-Webster=s Collegiate Dictionary 913 (11th ed.
2003).  APedophilia@ is defined as Asexual perversion in which
children are the preferred sexual object.@ 
Id.  At the time of the conduct alleged in the indictment, appellant was
twenty-eight years old, and J.K. was thirteen years old.  The State presented
extensive evidence that, for several months, appellant groomed J.K. to engage
in sexual conduct with him.  J.K. testified that appellant penetrated her
vagina with his finger.  Appellant admitted to his friend, Britten Hartford,
that he had Afingered@ J.K.  The prosecutor made
a reasonable deduction from this evidence that appellant was a pedophile.








The
prosecutor made the Apedophile@ remarks after appellant=s counsel made his jury
argument.  Appellant=s
counsel advanced a theory that J.K. made up the story that appellant sexually
assaulted her to get back at him for saying that their relationship was over. 
The prosecutor=s
remarks were a proper answer to this argument by appellant=s counsel.

The
trial court did not abuse its discretion in overruling appellant=s objections to the State=s jury argument.  We
overrule appellant=s
issue.

We
affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE

 

September 11,
2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.