**Opinion filed February 5, 2015**



# In The

# Eleventh Court of Appeals

_____

## No. 11-12-00328-CR

_____

## ROBERT THORNBURGH, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. 21718**

## MEMORANDUM OPINION

Appellant, Robert Thornburgh, Jr., pleaded not guilty to two counts of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011 (West 2011). The jury found Appellant guilty of both counts. Appellant pleaded true to two enhancement allegations. The trial court assessed his punishment for each count at confinement in the Institutional Division of the Texas Department of Criminal Justice for life, with the sentences to be served consecutively. Appellant argues

that Section 22.011(a)(2) of the Texas Penal Code is unconstitutional. Appellant also argues that the trial court erred when it failed to grant a mistrial based upon prejudicial jury argument made by the State and that the trial court's response to the jury argument constituted an impermissible comment on the weight of the evidence. We affirm.

*Background Facts*

Although Appellant does not dispute the sufficiency of the evidence, we will briefly summarize the evidence presented at trial. The record shows that, in 2006, Appellant entered into a sexual relationship with V.A., a fourteen-year-old girl. V.A. stated that, early in 2006, she went over to Appellant's sister's house to talk to Appellant. While there, she used the restroom. When she came out of the bathroom, Appellant asked her into the bedroom. After lying on the bed, Appellant proceeded to kiss V.A. and initiate sex. V.A. told Appellant to stop and told him that it hurt, but he continued.

After the first time, Appellant and V.A. continued to have sex every week in various locations in Brown County, with one occasion out by TYC, a state school located in Brownwood. V.A. testified that Appellant drove her and K.W.C., her friend, to a lake in Abilene where he had sex with V.A. K.W.C. also testified about the Abilene trip and stated that Appellant and V.A. had sex. V.A. testified that her relationship with Appellant was interrupted in November 2006 when she moved to Waco after her parents learned of the relationship.

Appellant denied that he dated or had sexual relations with V.A. while she was underage. Appellant admitted to a sexual encounter with V.A. when she was nineteen. Appellant described V.A.'s testimony as lies. He also denied the trip to Abilene with V.A. and K.W.C. Appellant testified that all of the State's witnesses had lied about certain events. Appellant's defense was that he was falsely accused and set up by the State's witnesses.

*Analysis*

*A. Constitutionality of Section 22.011(a)(2)*

In his first issue on appeal, Appellant argues that Section 22.011(a)(2) is unconstitutional in violation of both the federal Due Process Clause and the Texas constitution's due course of law provision. Appellant contends that the statute is unconstitutional because it fails to require a culpable mental state that relates to the conduct alleged and because it fails to allow a mistake-of-fact defense about the victim's age.

Appellant lodges a "facial" challenge to the constitutionality of Section 22.011(a)(2). A facial challenge asserts that a statute, by its terms, always operates unconstitutionally. *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006). An "as applied" challenge to the constitutionality of a statute asserts that a statute, although generally constitutional, operates unconstitutionally as to the claimant because of his particular circumstances. *Id.* at n.3. Facial and as-applied challenges to the constitutionality of statutes are forfeited if they are not raised in the trial court. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (facial challenge); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (as-applied challenge). Appellant did not challenge the constitutionality of Section 22.011(a)(2) in the trial court. Therefore, Appellant did not preserve the issue for appellate review. *See* TEX. R. APP. P. 33.1; *Karenev*, 281 S.W.3d at 434. Appellant's first issue is overruled.

We note that courts have upheld the constitutionality of Section 22.011(a)(2) and Section 22.021 of the Penal Code[1] when faced with arguments that were similar to those raised by Appellant in this appeal. *Fleming v. State*, 376 S.W.3d 854, 857–62 (Tex. App.—Fort Worth 2012), *aff'd*, No. PD-1250-12, 2014 Tex.

---

[1]TEX. PENAL CODE ANN. § 22.021 (West Supp. 2014).

Crim. App. Lexis 879 (Tex. Crim. App. June 18, 2014), *cert. denied*, 2015 WL 231987 (U.S. Jan. 20, 2015) (No. 14–559) (Section 22.021);[2] *Byrne v. State*, 358 S.W.3d 745, 748–51 (Tex. App.—San Antonio 2011, no pet.) (Section 22.011(a)(2)(A)). Had Appellant preserved his issue for review, we would conclude, based on the reasoning of these courts, that Section 22.011(a)(2) is not unconstitutional.

*B. Jury Argument*

In his second issue, Appellant complains that the prosecutor made an improper jury argument in his closing arguments when he characterized Appellant as a "sociopath." The following exchange took place during the complained-of jury argument:

> [PROSECUTOR]: Remember I made him go through and name them again just to make sure these were all the times you have been to Abilene. Well, then what comes out? He lives in Abilene. He grew up in Abilene. His dad had a mechanic shop in Abilene. The man was driving back and forth to Abilene at different points. Why not tell you that? Because he is a sociopath. He is going to tell you whatever he needs to tell you --

> [DEFENSE COUNSEL]: Objection, Your Honor. To characterize him as a sociopath without any evidence in this trial, I would request a mistrial at this time.

> THE COURT: Denied.

> [DEFENSE COUNSEL]: Well, then I would ask that he be admonished not to use technical words like that that are -- that are required by an expert to be decided, which has not been done, and that the jury be told to disregard it.

---

[2]On June 18, 2014, the Court of Criminals Appeals affirmed the opinion of the Fort Worth Court of Appeals in *Fleming v. State*. The Court of Criminal Appeals issued its mandate in *Fleming* on October 14, 2014. However, the Court of Criminal Appeals subsequently withdrew its mandate on November 3, 2014. Based upon that withdrawal, West Publishing has withdrawn the court's opinion from both Westlaw and West's bound volume. The opinion of the Court of Criminal Appeals remains on Lexis as of the date of this opinion.

THE COURT: Overruled. This is final argument. You can argue any reasonable inference in the case. There has been no testimony from anyone about being a sociopath, but this is final argument. You may argue if you think the evidence tends to indicate your view of the case.

You may proceed.

[PROSECUTOR]: That's why I'm arguing that. That's a person that can't tell you the truth. That is a person that can't comport --

[DEFENSE COUNSEL]: Objection, Your Honor.

[PROSECUTOR]: -- what the community expects out of us.

[DEFENSE COUNSEL]: Now he is testifying to the jury. There is no evidence in this trial whatsoever that an expert has given a sociopath definition.

THE COURT: And that is true and the jury is so instructed, but final argument is not confined to just the evidence. It's also reasonable inferences that can be drawn from the evidence. The attorneys can attempt to point those out.

You may do so.

Proper jury argument generally falls within four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *Esquivel v. State*, 180 S.W.3d 689, 692 (Tex. App.—Eastland 2005, no pet.). Counsel is allowed wide latitude to draw inferences from the record, as long as the inferences are reasonable, fair, legitimate, and offered in good faith. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). We review a trial court's denial of a motion for new trial for an abuse of discretion. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

The prosecutor called Appellant a "sociopath" and commented that Appellant would say whatever necessary to avoid a conviction. The Court of

Criminal Appeals has stated that the use of "sociopath," without any witness testimony, does stray outside the record. *Shannon*, 942 S.W.2d at 597. However, there was conflicting testimony in regard to Appellant's character and whether he told the truth. On direct examination, Appellant testified that he had only been to Abilene five times since he moved to Brownwood. On cross-examination, Appellant, however, testified that he used to live in Abilene, that he grew up in Abilene, that his father had a mechanic shop in Abilene, and that Appellant drove back and forth to Abilene numerous times. The prosecutor's comment that Appellant is "a sociopath" and "is going to tell you whatever he needs to tell you," thus questioning Appellant's truthfulness, was an appropriate inference from the evidence. *Spurlock v. State*, No. 11-11-00010-CR, 2013 WL 205388, at *6 (Tex. App.—Eastland January 18, 2013, no pet.). The trial court did instruct that the definition of sociopath was outside the record. An instruction to disregard statements outside the record will generally cure any error. *Freeman v. State*, 340 S.W.3d 717, 727–28 (Tex. Crim. App. 2011). Therefore, the comment was a reasonable inference from the evidence, and the argument was not improper.

Even if the prosecutor's comment was improper, we cannot agree that any harm warrants the remedy of reversal. An improper comment made in closing argument is considered a nonconstitutional error. *Martinez v. State*, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000). A nonconstitutional error that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b); *Martinez*, 17 S.W.3d at 692; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). To determine the harm of an improper jury argument, three factors are balanced: (1) the severity of the misconduct (the magnitude of the prejudicial effect); (2) curative measures (the efficacy of any cautionary instruction by the trial court); and (3) the certainty of the conviction in the absence of misconduct (the strength of the evidence that supports the conviction). *Martinez*, 17 S.W.3d at 692–93.

6

The prosecutor's comment was not of such great magnitude as to cause Appellant severe prejudice. The use of the term "sociopath" was intended to demonstrate the repeated misstatements by Appellant in cross-examination and to urge the jurors to make reasonable inferences and deductions from the evidence. Jurors heard contradictory testimony from Appellant and several of the State's witnesses about trips to Abilene and were able to decide for themselves the credibility of the witnesses. Furthermore, there is strong evidence that supports Appellant's conviction. Accordingly, we hold that the trial court did not abuse its discretion when it overruled Appellant's objection to the State's jury argument and denied Appellant's request for a mistrial. We overrule Appellant's second issue.

*C. Comment on the Weight of the Evidence*

In his third issue on appeal, Appellant argues that the failure to grant the mistrial was an impermissible comment on the weight of the evidence by the trial court. Appellant contends that the trial court's comments indicated a disbelief in Appellant's position that he was falsely accused and implied approval that Appellant was a sociopath and, thus, incapable of telling the truth. While Appellant made neither a timely objection to the judge's comments nor a request for a limiting instruction, we need not address whether Appellant waived this issue. *See Unkart v. State*, 400 S.W.3d 94, 99, 102 n.37 (Tex. Crim. App. 2013) (recognizing that, "[o]rdinarily, a complaint regarding an improper judicial comment must be preserved at trial" but declining to address the procedural consequences of a late objection); *Sharp v. State*, 707 S.W.2d 611, 619 (Tex. Crim. App. 1986); *Minor v. State*, 469 S.W.2d 579, 580 (Tex. Crim. App. 1971). However, we will nevertheless determine whether the trial court made an impermissible comment on the weight of the evidence.

When the trial court determines the admissibility of evidence, it shall not discuss or comment upon the weight of the same or its bearing in the case, but shall

7

simply decide whether or not it is admissible. TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 1979). A trial court must refrain from making any remark calculated to convey to the jury its opinion of the case. *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003).

A trial court improperly comments on the weight of the evidence if it makes a statement that implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. *See Joung Youn Kim v. State*, 331 S.W.3d 156, 160 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). If a trial judge makes an improper comment on the weight of the evidence, we must then decide whether the comment was material. *Id.* (citing *Simon v. State*, 203 S.W.3d 581, 592 (Tex. App.—Houston [14th Dist.] 2006, no pet.)). Only if the comment is material must we determine whether it rises to the level of reversible error. *See id.*

The trial court overruled Appellant's objection to the use of the term "sociopath" and denied the request for a mistrial. However, the court merely stated a correct rule of law—that in closing arguments the State may make reasonable inferences from the evidence. *See Brown*, 270 S.W.3d at 570. The court did agree and instructed the jury that no sociopath definition had been entered into evidence. Appellant did not request an instruction to disregard the court's comments on the use of "sociopath" by the State. The court's comments cannot be seen as tainting Appellant's presumption of innocence or vitiating the impartiality of the jury, and if there were any residual harm, it would have been cured by a timely instruction to disregard. *See Unkart*, 400 S.W.3d at 102; *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). We overrule Appellant's third issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


February 5, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.