**Opinion filed February 19, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00034-CR

_____

## JEFFREY DEE STEADMAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 8299-D**

## M E M O R A N D U M   O P I N I O N

Jeffrey Dee Steadman entered an open plea of guilty to the offense of aggravated sexual assault of a child. TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2014). The trial court assessed his punishment at confinement for a term of forty-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant challenges his sentence in a single issue. We affirm.

## Background Facts

Appellant does not challenge the sufficiency of the evidence so we will discuss only those facts necessary to our disposition of this appeal. This case arises from a remand to the trial court from the Texas Court of Criminal Appeals. Appellant was previously convicted in a single jury trial of three counts of aggravated sexual assault of a child and two counts of indecency with a child. *Steadman v. State*, 360 S.W.3d 499, 499–500 (Tex. Crim. App. 2012). The Court of Criminal Appeals reversed Appellant's convictions after determining that his right to a public trial was violated, and it remanded the cause to the trial court for a new trial. *Id.* at 510–11. On remand, Appellant entered an open plea of guilty to a single count of aggravated sexual assault of a child. The State agreed to waive the remaining counts and to cap Appellant's potential sentence at imprisonment for forty-five years.

At the subsequent bench trial on punishment, Appellant testified that he decided in 2006 to take responsibility for his actions. However, he testified that he pleaded not guilty at his first trial in 2008 because he was in fear of his life. Appellant further testified that he "was wrong for denying the truth" by pleading not guilty during his first trial. Appellant testified that he was now ready to take responsibility for his actions. After hearing all of the evidence, the trial court sentenced Appellant to imprisonment for forty-five years.

## Analysis

Appellant asserts in his sole issue that the trial court erred when it overruled his objection to the State's final argument on punishment. Appellant argues that the State impermissibly commented on him exercising his right to a jury trial. We review challenges to rulings on objections to improper closing argument for an abuse of discretion. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004).

2

Appellant challenges the following argument made by the prosecutor at the end of the punishment hearing:

[PROSECUTOR]: So he has not accepted responsibility.

His back and forth about, well, in '06 that all changed but in '08 I wasn't prepared at that point to take responsibility so I put them through a trial, by extension we called them liars in front of a jury, we made them get up, we made --

[DEFENSE COUNSEL]: Your Honor, we'd object to that. That's not what we did. We did not testify at trial. We didn't call them liars at all. We put the State to the burden which is the requirement of the Constitution of the United States and the Constitution of the State of Texas.

THE COURT: I will allow the State to make reasonable inferences. The Court will decide whether or not those inferences are justified.

[DEFENSE COUNSEL]: Note our objection to that. And if the Court does consider that argument, we would object to it in violation of our constitutional right to a fair trial and to the facts.

THE COURT: The Court notes the objection, does not look at that as a denial. But the Court notes the --

[PROSECUTOR]: What he said was -- I'm sorry, Judge.

THE COURT: Go ahead.

[PROSECUTOR]: What he said, Judge, was: I didn't do this, and I'm going to make you get up here and say you did --

[DEFENSE COUNSEL]: Your Honor, we would object to that. That's not what --

[PROSECUTOR]: Your Honor, this is closing argument. I can make an inference from the facts.

THE COURT: The Court looks at it as a reasonable inference regarding the circumstance and nothing to do with the client's decision to testify or not testify. The Court will hear the argument and determine whether it's appropriate or not.

[DEFENSE COUNSEL]: Well, the only -- make sure that the Court understands that I'm arguing that when a person pleads not guilty, he's not telling the Judge or the jury that anybody is lying; he's just putting the State to the burden of proof, and the State's argument, if the Court considers that --

THE COURT: That is the Court's understanding, too.

Proper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *Esquivel v. State*, 180 S.W.3d 689, 692 (Tex. App.—Eastland 2005, no pet.). We conclude that the prosecutor's argument constituted a reasonable inference from the evidence. Appellant testified that he entered a plea of not guilty at the first trial, and he admitted that he knew he was guilty but did not want to take responsibility for his actions.[1] The prosecutor's argument tracked Appellant's trial testimony. Furthermore, it rebutted Appellant's claim that he took responsibility for his actions beginning in 2006. Counsel is allowed wide discretion in drawing inferences from the record that are reasonable, fair, legitimate, and offered in good faith. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). Accordingly, the trial court did not err in overruling Appellant's objection to the prosecutor's argument.

---

[1]This testimony was elicited during the prosecutor's cross-examination of Appellant, which occurred without objection.

Moreover, even if the trial court erred in overruling Appellant's objection, we conclude that the error did not constitute reversible error. Improper argument of this type is a nonconstitutional error, which we disregard unless it affects Appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Freeman v. State*, 340 S.W.3d 717, 728 (Tex. Crim. App. 2011). To determine whether Appellant's substantial rights were affected, we balance the following factors: (1) the severity of the misconduct (prejudicial effect), (2) any curative measures, and (3) the certainty of punishment assessed absent the misconduct (likelihood of the same punishment being assessed). *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

In examining challenges to a jury argument, a court considers the remark in the context in which it appears. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). As noted previously, the prosecutor's argument was very similar to Appellant's trial testimony. Furthermore, this was a bench trial. Unlike the situation of an extraneous, prejudicial matter being injected before a jury of laypersons, the trial court was likely well aware of the procedural history of the case. Additionally, the trial court stated it understood Appellant's objection, and it essentially advised the parties that it would not consider the prosecutor's argument for an improper purpose. The evidence presented at the punishment hearing was overwhelming. Three women testified about numerous acts of sexual assault and sexual contact that Appellant committed against them when they were children. Given the evidence of Appellant's egregious conduct, there is a great likelihood of the same punishment being assessed without the prosecutor's argument. Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

February 19, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.