**Opinion filed October 26, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00309-CR
_____

## RANDALL LEE SAMFORD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 15355**

## M E M O R A N D U M   O P I N I O N

The jury convicted Randall Lee Samford of the offense of aggravated assault family violence with a deadly weapon, a first-degree felony. TEX. PENAL CODE ANN. § 22.02(b)(1) (West 2011). The jury assessed his punishment at confinement for fifteen years and a fine of $10,000. Appellant presents five issues on appeal. We affirm.

In Appellant's first issue, he argues that the evidence is insufficient to sustain his conviction because there was no evidence to prove that "Appellant knowingly or intentionally struck" the victim, and no evidence to prove that the blood on the weapon belonged to the victim. In his second and third issues, Appellant contends that the trial court erred when it admitted into evidence a photograph of the weapon and photographs of the victim's injuries, respectively, because the photographs had a "prejudicial effect." In Appellant's fourth issue, he argues that the trial court erred when it overruled his objection to a portion of the State's closing argument during the guilt/innocence phase because the State made improper arguments to the jury that "impermissibly shifted the burden of proof to Appellant" and "inflamed the passions of the jury." In his fifth issue, Appellant argues that the trial court erred when it overruled his objection to a portion of the State's closing argument during the punishment phase because the State's argument was "outside of the record."

In Appellant's first issue, he argues that the evidence is insufficient to sustain his conviction because "there was no evidence presented which proved Appellant knowingly or intentionally struck" the victim and because there was no evidence presented that the blood on the weapon belonged to the victim. To prove the first-degree felony offense of aggravated assault family violence with a deadly weapon under Section 22.02(b)(1), the State must show that the defendant intentionally, knowingly, or recklessly caused serious bodily injury to a person whose relationship with the defendant is described by Section 71.0021(b), 71.003, or 71.005 of the Texas Family Code and that the defendant used a deadly weapon during the commission of the assault. *See* PENAL § 22.02(a)(1), (b)(1). Appellant argues that, because "[t]here was no evidence presented which proved Appellant knowingly or intentionally struck [the victim] with the shovel" and "no evidence was presented to

prove that the blood on the shovel and on Appellant's hands was that of the [victim]," the jury could not have found Appellant guilty.

We review the sufficiency of the evidence, whether denominated as a legal or a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Brown v. State*, 381 S.W.3d 565, 573 (Tex. App.—Eastland 2012, no pet.) (citing *Jackson*, 443 U.S. at 314, 318 n.11, 320).

Appellant lived in a residence with his wife at the time, Cienna Marie Green, along with their son, Cienna's father, and Cienna's grandmother. Cienna's seventeen-year-old sister, Louanna Janel Ruth Green, and her son also lived in the residence. On May 12, 2014, a conflict arose among Appellant, Cienna, and Louanna about who should help clean the residence. Louanna told Appellant that he needed to help clean the residence along with everyone else. Appellant became angry and went to the bedroom he shared with Cienna, closed the door, and locked it.

In response, Louanna went to the bedroom, knocked on the door, and said to Appellant, "You need to come out and help us." Louanna became angry, and she knocked on, kicked, and banged on the door. After Louanna became calmer, she went to her room, closed the door, and fell asleep. Cienna then went to her bedroom, and Appellant let her in. Cienna testified that, at the same time, Appellant "busted through" their bedroom door, which knocked the door off its hinges and into the hallway. Cienna said that Appellant then "busted through" Louanna's bedroom door and "beat" her with a shovel that had been by their bedroom door. Cienna testified that she saw Appellant strike Louanna approximately nine times.

Cienna testified that she hit Appellant in the back of the head and "tackled him to the ground." Appellant then went to his and Cienna's bedroom; when Cienna saw him, he was on the phone with 9-1-1. On the 9-1-1 recording, which the State introduced into evidence, Appellant admitted that he hit Louanna. Billy Jay Hutchens, an investigator with the Palo Pinto County Sheriff's Office, responded to the 9-1-1 call. When he arrived at the scene, Investigator Hutchens saw that Appellant had blood on his hands and that Louanna was "bleeding very profusely." He also saw a shovel in the hallway with blood on it. Louanna testified that she could not see who hit her.

Appellant testified that he was not the person who assaulted Louanna. He testified that, because he "panicked," he "unintentionally made a false statement" when he told the 9-1-1 operator that he was the one who assaulted Louanna. Appellant also testified that he believed he did not have blood on his clothes and that he had blood on his hands because "maybe [he] picked something up that had blood on it."

On appeal, Appellant argues that, although Cienna testified that she witnessed Appellant assault Louanna, she "later testified that she did not clearly see . . .

4

Appellant strike [Louanna]." Appellant also argues that Louanna did not see who hit her, that Investigator Hutchens did not see any blood on Appellant's T-shirt or overalls, and that law enforcement did not test the blood on the shovel to determine if it was Louanna's blood. Appellant argues that, therefore, there was insufficient evidence to support his conviction. We disagree.

The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979). As such, the jury was entitled to accept or reject any or all of the testimony of any witness. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). Furthermore, the jury was entitled to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and, therefore, defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Additionally, "circumstantial evidence is as probative as direct evidence in establishing . . . guilt." *Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007). Cienna's testimony, Investigator Hutchens's testimony, the 9-1-1 recording, and the picture of a shovel with blood on it constituted evidence that Appellant used a shovel to cause serious bodily injury to Louanna. Here, the jury chose to believe the State's witnesses and not Appellant. A rational juror could have found beyond a reasonable doubt that Appellant assaulted Louanna with a deadly weapon. We hold that the evidence was sufficient to find Appellant guilty of aggravated assault family violence with a deadly weapon. Appellant's first issue is overruled.

In Appellant's second issue, he asserts that the admission into evidence of a photograph of the shovel with blood on it violated Rule 403 of the Texas Rules of Evidence. In his third issue, Appellant asserts that the admission into evidence of

photographs of Louanna's injuries violated Rule 403 of the Texas Rules of Evidence. We review a trial court's ruling on the admission of evidence under an abuse of discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006); *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). We will uphold a trial court's evidentiary ruling when it is within the zone of reasonable disagreement. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); *Powell*, 63 S.W.3d at 438. Additionally, "[w]e will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case." *Massingill*, 2016 WL 5853180, at *1; *see Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

Under Rule 403, a trial court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay or needless presentation of cumulative evidence. TEX. R. EVID. 403; *see Young v. State*, 283 S.W.3d 854, 874 (Tex. Crim. App. 2009). "Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Massingill*, 2016 WL 5853180, at *1; *see Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002). Evidence is unfairly prejudicial when it has an undue tendency to suggest an improper basis for reaching a decision. *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000); *Render v. State*, 347 S.W.3d 905, 921 (Tex. App.—Eastland 2011, pet. ref'd). When we review a trial court's determination under Rule 403, we reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (quoting *Montgomery*, 810 S.W.2d at 392). An analysis under Rule 403 includes, but is not limited to, the following factors: (1) the probative value of the

evidence, (2) the potential to impress the jury in some irrational yet indelible way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012); *Shuffield*, 189 S.W.3d at 787.

We hold that the trial court did not abuse its discretion when it determined that the prejudicial effect of the evidence did not substantially outweigh its probative value. Under the first factor, the photograph of the shovel with blood on it was probative of Appellant's use of a deadly weapon during the commission of the offense. Similarly, the photographs of Louanna's injuries were probative of Louanna's serious bodily injury. Appellant contends that the photographs were not probative and not needed because (1) Cienna testified that Appellant hit Louanna with a shovel, (2) Investigator Hutchens testified about the extent of Louanna's injuries that he saw, (3) Louanna showed the jury her scars from her injuries, and (4) the State introduced Louanna's medical records into evidence. The State was required to prove beyond a reasonable doubt that Appellant used a deadly weapon during the commission of the assault and that Appellant caused Louanna serious bodily injury. *See* PENAL § 22.02(b)(1). Additionally, in order to determine "whether the evidence supports a finding of serious bodily injury, the relevant issue is the quality of the injury as it was inflicted, not the quality of the injury after its effects are ameliorated with medical treatment." *Gonzales v. State*, 191 S.W.3d 741, 753 (Tex. App.—Waco 2006, pet. ref'd). We hold that the trial court did not abuse its discretion when it admitted the photographs. Based on our review of the record, we conclude that all four factors weighed in favor of admissibility of the photographs. Appellant's second and third issues are overruled.

In his fourth and fifth issues, Appellant argues that the trial court erred when it overruled his objections to portions of the prosecutor's closing argument during

the guilt/innocence phase and the punishment phase, respectively. In his fourth issue, Appellant specifically contends that the prosecutor "impermissibly shifted the burden of proof to Appellant" and "inflamed the passions of the jury." In his fifth issue, Appellant argues that a portion of the State's argument was "outside of the record."

We review a trial court's ruling on an objection to improper jury argument under an abuse of discretion standard. *See Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010). Proper jury argument generally falls within four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *Esquivel v. State*, 180 S.W.3d 689, 692 (Tex. App.—Eastland 2005, no pet.). Counsel is allowed wide latitude to draw inferences from the record, as long as the inferences are reasonable, fair, legitimate, and offered in good faith. *Shannon v. State*, 942 S.W.3d 591, 597 (Tex. Crim. App. 1996).

The State contends that Appellant did not preserve error for our review in Appellant's fourth issue. The following occurred during the prosecutor's closing argument in the guilt/innocence phase:

> [PROSECUTOR]: Now, to believe that he wasn't the one, you would have to believe the absolute outrageous story is: Well, I was raised to be - -

> [DEFENSE COUNSEL]: Improper argument, Your Honor. Interjecting his personal opinion.

> THE COURT: Ladies and gentlemen, I give fair - - quite a bit of leeway in closing argument. What the attorneys say is not evidence. You'll be guided by your own independent recollection of the evidence. So with that, your objection is overruled.

> . . . .

[PROSECUTOR]: No. I think what this case boils down to is this: Two things. The credibility of the witnesses. Who is more credible? The young lady that saw her sister being savagely beaten with this and took action - - took action herself to stop the beating? Or the person accused of the beating with this cock-and-bull story that he told you? The credibility of the witnesses. No contest. No contest.

Appellant argues on appeal that the State "impermissibly shifted the burden of proof to Appellant" because "the prosecutor invited the jury to choose between which side it found more credible," and "impermissibly inflamed the passions of the jury by arguing that, Appellant's story was cock-and-bull." We agree with the State that Appellant did not timely object to the prosecutor's comments that the "case boil[ed] down to . . . [t]he credibility of the witnesses" or that "Appellant's story was cock-and-bull." In order to preserve jury argument error, the complaining party must make a contemporaneous objection and receive an adverse ruling. *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992); *see* TEX. R. APP. P. 33.1(a). Because defense counsel did not make a contemporaneous objection, Appellant has not preserved error for our review in regard to his argument that the State "impermissibly shifted the burden" and "inflamed the passions of the jury." *See Bullis v. State*, No. 11-14-00240-CR, 2016 WL 5853267, at *7 (Tex. App.—Eastland Sept. 30, 2016, no pet.) (mem. op., not designated for publication) (holding that error was not preserved because defense counsel did not timely object to the prosecutor's closing argument). Therefore, Appellant's fourth issue is overruled.

In his fifth issue, Appellant argues that the State's closing remarks during the punishment phase were improper. Appellant specifically points to the prosecutor's comment in which he asked "how many more blows would it have taken" to "be here talking to you about murder?" Appellant asserts that this statement was "outside of the record."

At trial, Cienna testified that Appellant repeatedly struck Louanna. Louanna testified that she "black[ed] in and out" during the attack; that she suffered a fractured skull, a fractured elbow, and two fractured legs; and that she had a cut on her face so deep that she could touch her teeth through her cheek. Investigator Hutchens testified that Louanna "was bleeding very profusely" after the attack and that EMS immediately put Louanna in an ambulance and transported her to Fort Worth for treatment. The prosecutor's suggestion that Louanna would have died if Appellant had continued to strike her is a reasonable deduction from this evidence. Therefore, the argument was not improper. Appellant's fifth issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


October 26, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.