**Johnny Benjamin MINOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44013.**

Court of Criminal Appeals of Texas.

July 28, 1971.

Herbert Green, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for assault with intent to murder. The punishment was assessed by the jury at twenty-five years.

The sufficiency of the evidence is not challenged.

The record reflects that at about 1:30 a. m. on Janauary 5, 1969, Officers Leonard Edge and James Parker of the Dallas Police Department went to the Green Cape Lounge on South Oakland in Dallas to arrest Richard Minor on a charge of armed robbery. The three complainants met the officers near the lounge and accompanied them to identify Richard Minor. They pointed him out inside the lounge where he

was arrested and searched. He was then handcuffed and placed in the back seat of the patrol car. Since a pistol was found on Richard Minor's person during the search, Officer Parker returned to the lounge to gather information for a charge on carrying a prohibited weapon in a place where intoxicating beverages are sold. At this time Richard Minor's brothers, the appellant Johnny Minor, and James Minor, came out of the lounge and asked the complainants why they had turned their brother over to the police.

According to the testimony of Officer Edge the two brothers cursed and threatened to kill the complainants. Officer Edge told them to quieten down as a crowd was gathering. The brothers then began to curse him. Edge then told the brothers that if they did not quieten down he would have to take them into custody. He asked them to leave and they refused. When Edge started to take appellant into custody, James Minor jumped over the appellant's shoulder, hit Edge in the mouth knocking him to the ground. The appellant and James Minor jumped on top of Edge and grabbed his gun. They struggled for control of the gun and Edge was able to prevent its firing by placing his finger behind the hammer. The gun was pointing in his face. One or both of the brothers was trying to pull the trigger, and one of them shouted, "Kill him. Kill the blue coated son of a bitch." Finally Edge managed to turn the gun around and removed his finger from behind the hammer. The gun fired and a bullet struck the appellant in his right shoulder. At this time Officer Parker came out of the lounge and took the appellant into custody. Edge wrestled the gun loose from James Minor, took him into custody and then called for an ambulance.

All of the complaints allege misconduct of the trial judge.

In his first ground of error the appellant contends that the trial judge aided the prosecution by manifesting bias and prejudice on numerous occasions. The contention is a serious one which this Court does not take lightly, and it expects that it not be made lightly.[1] Prejudice of a trial judge not based on interest is not a legal disqualification. Aldridge v. State, 170 Tex.Cr.R. 502, 342 S.W.2d 104; Williams v. State, 126 Tex.Cr.R. 42, 69 S.W.2d 759; Johnson v. State, 31 Tex.Cr.R. 456, 20 S. W. 985. If prejudice or opinion of guilt is indicated or shown the judge's rulings are subject to close scrutiny. Aldridge v. State, supra. The right to complain lies not in the alleged prejudice of the judge but in any errors in his rulings and conduct of the trial. See Quarles v. Smith, 379 S.W.2d 91 (Ct.Civ.App.).

█ The appellant complains of several errors in the trial whereby the trial judge allegedly manifested prejudice and commented on the evidence on numerous occasions. When no objection is made at trial to the judge's statements nor any request made to instruct the jury, nothing is presented for review. Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901; Howard v. State, Tex.Cr.App., 420 S.W.2d 706; Franklin v. State, Tex.Cr.App., 409 S.W.2d 422; Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49.

█ Further, to constitute reversible error in violation of Article 38.05, Vernon's Ann.C.C.P., the comment of the Court must be such that it is reasonably calculated to prejudice the appellant's rights by injuring him or benefiting the State. Howard v. State, supra; Phelper v. State, Tex.Cr.App., 396 S.W.2d 396; Collins v. State, Tex.Cr.App., 376 S.W.2d 354. Close scrutiny of the record reveals no such prejudicial comments on the evidence.

█ Secondly, the appellant claims judicial prejudice because the court would not

1. The judge who presided at this trial has an outstanding record. He bears the reputation of being fair and one of the better trial judges of this State.

admit certain matchbooks offered to impeach Officer Edge's credibility. The matchbooks bore his name and the words, "Pig and Proud." The judge gave counsel for the appellant an opportunity to show the relevance of this evidence outside the hearing of the jury and it was not shown. See Beasley v. State, Tex.Cr.App., 428 S.W.2d 317. The relevance still has not been shown. No error is reflected.

Thirdly, appellant complains that the judge gave the prosecutor a "dress rehearsal" prior to putting on his evidence before the jury. This allegation is without merit since the request to question the witness outside the presence of the jury was made by appellant's counsel and granted him. Grounds of error that are patently absurd such as this one should not be presented for review.

■ Fourthly, appellant complains that the judge allowed a police officer to withdraw his gun from evidence in order to use it on his job. He claims prejudice because the gun is not available to send to this Court on appeal. Appellant neither objected to the record for failure to include the gun nor has he shown how it might be helpful to him in this Court.

■ The appellant claims the trial judge manifested his prejudice and bias throughout the trial. This general reference fails to meet the requirements of briefing in Article 40.09, Section 9, V.A.C.C.P. Huffman v. State, 450 S.W.2d 858. No such objection was made at the trial. The appellant's counsel even called the court's charge a "masterpiece."

Complaint is made that the prosecutor introduced new facts into the case during the course of his jury argument and argued unfairly. Again the assertion is general and appellant does not identify the argument about which he complains. Nothing is presented for review. See Article 40.09, Section 9, supra.

The record contains no reversible error. The judgment is affirmed.

ODOM, J., not participating.