# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00462-CR

**Johnnie Lee Cooper, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. 2000-082, HONORABLE GARY L. STEEL, JUDGE PRESIDING

A jury found appellant Johnnie Lee Cooper, Jr., guilty of aggravated kidnapping and assessed punishment at imprisonment for five years and a $5000 fine. *See* Tex. Pen. Code Ann. § 20.04 (West Supp. 2001). By five points of error, Cooper contends: (1) the evidence does not support the jury's finding on the safe release issue; (2) his privilege against self-incrimination was violated; (3) evidence of extraneous misconduct was erroneously admitted; and (4) the district court commented on the weight of the evidence. We will overrule these contentions and affirm the judgment of conviction.

Cooper abducted the complainant, his former wife, at her residence in New Braunfels. Distraught over their recent divorce, Cooper alternately threatened to kill the complainant, her father (whom he blamed for the breakup of the marriage), and himself. After holding the complainant and their six-year-old daughter hostage for about six hours, appellant ordered them into a car and began driving north on Interstate 35. They eventually made their way to the home of Cooper's aunt and

uncle in a Waco suburb. Cooper's relatives, who hoped to resolve the situation informally, did not summon the police, and Cooper refused to permit the complainant to use the telephone for that purpose. Cooper gave his pistol to his uncle, but when the complainant sought to leave with her daughter, Cooper became agitated, seized the child, and attempted to pull her from the car. It was finally agreed that the complainant would be allowed to drive herself back to New Braunfels alone, while Cooper's aunt would drive Cooper and the child to New Braunfels in her car. After the complainant left the aunt and uncle's house, she immediately drove to a police station where she reported what had happened. Cooper's aunt's car was stopped by police in San Marcos, the child was recovered, and Cooper was arrested. Cooper's pistol was in the trunk of the car.

Cooper does not challenge the sufficiency of the evidence to sustain his conviction for aggravated kidnapping. In his first point of error, however, he contends the State "failed to present sufficient evidence to meet its burden of persuasion on the safe-release issue." This contention refers to the punishment issue by which aggravated kidnapping is reduced from a first degree to a second degree felony if the jury finds that the defendant voluntarily released the victim in a safe place. *Id*. § 20.04(d).

Appellant's point of error and his supporting argument mistakenly assume that the State had the burden of proving beyond a reasonable doubt that he did not release the complainant in a safe place. Appellant ignores the 1994 amendment of the aggravated kidnapping statute and relies on opinions construing an earlier version of the statute. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 20.04, 1993 Tex. Gen. Laws 3586, 3615 (Tex. Pen. Code Ann. § 20.04(c), since renumbered as section 20.04(d)). An aggravated kidnapping defendant must now prove the

2

safe-release issue "in the affirmative by a preponderance of the evidence." Pen. Code § 20.04(d). The district court correctly instructed the jury regarding the burden of proof. In the interest of justice, we will review the evidence to determine whether the jury's failure to find that appellant voluntarily released the complainant in a safe place was contrary to the great weight and preponderance of the evidence. *See Meraz v. State*, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990); *Fowler v. State*, 958 S.W.2d 853, 859 (Tex. App.—Waco 1997), *aff'd*, 991 S.W.2d 258 (Tex. Crim. App. 1999).

This Court has held that the release of a kidnapping victim is "voluntary" when it results from the defendant's free choice, without the compulsion, solicitation, or influence of another. *Oestrick v. State*, 939 S.W.2d 232, 239 (Tex. App.—Austin 1997, pet. ref'd). The testimony shows that Cooper's aunt negotiated an agreement by which Cooper permitted the complainant to leave on the condition that their daughter remain in Cooper's custody. It is questionable whether allowing the complainant to leave under such a condition was a "release" within the meaning of section 20.04(d). But in any event, the jury could rationally conclude that Cooper agreed to this arrangement only because of the urging and influence of his aunt. The jury's failure to find that Cooper voluntarily released the complainant is not so against the great weight of the evidence as to be unjust. Point of error one is overruled.

Cooper's second point of error is that the district court violated his privilege against self-incrimination by permitting the State to impeach his trial testimony with testimony he gave at a pretrial bail hearing. At the earlier hearing, Cooper testified in support of his motion to reduce bail. The State was permitted to cross-examine Cooper about the circumstances of the alleged offense

after the court ruled that "this testimony will not be available at trial." During this questioning, Cooper answered affirmatively when asked if he entered the complainant's residence without her consent. Cooper later took the stand at the guilt-innocence stage of his trial. During cross-examination, the State again questioned Cooper about the details of the alleged offense. When asked if he entered the complainant's residence without her consent, Cooper answered, "No, I assumed I had her consent." The State was permitted to impeach Cooper with his answer to this question at the bail hearing.

Cooper argues that under the Fifth Amendment, his testimony at the pretrial bail hearing could not be used against him at trial. *See* U. S. Const. amends. V, XIV. He relies on the holding in *Simmons v. United States*, 390 U.S. 377, 394 (1968). In that case, the Supreme Court held that a defendant's testimony at a pretrial suppression hearing, given for the purpose of establishing his Fourth Amendment standing, could not be used against him at his trial. *Id*. It is not clear, however, whether *Simmons* would prohibit the use of such testimony to impeach a defendant who chooses to testify at trial. *See United States v. Salvucci*, 448 U.S. 83, 94 n.9 (1980) (*Simmons* holding is not license for false representations). The Fifth Amendment is not a privilege to commit perjury. *Harris v. New York*, 401 U.S. 222, 225 (1971). In *Harris*, the Supreme Court held that a defendant's pretrial statements to the police were admissible to impeach his trial testimony even though the statements had been given without adequate *Miranda* warnings and were inadmissible as part of the prosecution's case in chief. *Id*. at 226; *see Miranda v. Arizona*, 384 U.S. 436, 467-74 (1966); *see also Oregon v. Hass*, 420 U.S. 714, 723-24 (1975) (pretrial statement given after request for counsel ignored was admissible to impeach defendant's trial testimony).

Assuming without deciding that the district court erred by permitting the State to impeach Cooper with the statement he made at the pretrial bail hearing, we conclude that the error was harmless. Lack of consent to entry is not an essential element of aggravated kidnapping. While claiming that he assumed he had the complainant's consent to enter, Cooper admitted that he entered the complainant's residence at midnight while she was asleep, that he first cut the telephone line so she could not call for help, and that he was armed with a loaded pistol. It is obvious from these circumstances that Cooper did not have the complainant's express consent to enter at that time, whatever he might have assumed. Any constitutional error in permitting the State to adduce Cooper's testimony from the bail hearing was harmless beyond a reasonable doubt. Tex. R. App. P. 44.2(a). Point of error two is overruled.

Cooper's third point of error complains of the admission of alleged extraneous misconduct evidence without a proper limiting instruction. *See* Tex. R. App. P. 404(b). During his direct testimony, Cooper denied assaulting the complainant in any manner on the night in question and asserted that she voluntarily went with him. Over objection, the State was allowed to ask Cooper during cross-examination: (1) if he threw "things" at the complainant during an argument in 1998 (Cooper acknowledged the argument but denied throwing anything); (2) if he restrained the complainant with a knife in 1996 (Cooper denied doing so); (3) if he ran the complainant's car off the road in 1994 (Cooper denied doing this); and (4) if he assaulted the complainant in 1992 (Cooper denied this, also). The court ruled that this was proper impeachment and instructed the jury to consider it only for that purpose, and not as evidence of guilt. Cooper argues that this was not proper

5

impeachment, but was in fact extraneous misconduct evidence under rule 404(b) and the court should have so instructed the jury.

In each instance cited above, Cooper denied engaging in assaultive conduct and the State offered no proof to the contrary. No evidence of extraneous misconduct was adduced, and hence no limiting instruction was required. Cooper's argument to the contrary is without merit.

The State also was permitted to ask Cooper if, two months before the alleged abduction, a police officer had been called to the complainant's residence to ask him to leave. Cooper admitted that this was true. Cooper cites this as yet another example of improper impeachment. Contrary to Cooper's argument, however, this testimony was not admitted for impeachment. Instead, the court ruled that the evidence was admissible under rule 404(b) on the issue of whether Cooper had the complainant's consent to enter on the night of the alleged offense. The court so instructed the jury. Cooper offers no argument contesting the propriety of the district court's ruling. Point of error three is overruled.

Finally, Cooper contends the district court improperly commented on the weight of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.05 (West 1979). The alleged comment was made during the State's final argument at the guilt stage. The prosecutor reminded the jury of a telephone call that had been made to the complainant's mother as Cooper was traveling north with the complainant and their child. The prosecutor said, "Johnnie [Cooper] told her, 'I'm taking them. I'm going to kill [the complainant], [the child] and myself if I can't have them.'" Defense counsel objected that this was a misstatement of the evidence. The court responded, "It's a proper deduction to be made in my opinion. However, I will instruct the jury that there is no evidence as to what

[Cooper] said to the grandmother and remind you of that." Cooper urges that the court's statement that the prosecutor's argument was "a proper deduction to be made in my opinion" was a comment on the weight of the evidence.

Cooper did not object to the court's statement, and thus failed to preserve the matter for review. *Minor v. State*, 469 S.W.2d 579, 580 (Tex. Crim. App. 1971); Tex. R. App. P. 33.1(a). Further, we do not find the remark to have been reasonably calculated to benefit the State or prejudice Cooper, particularly in light of the court having thereafter reminded the jury that the exact content of the telephone conversation was unknown. *See Davis v. State*, 651 S.W.2d 787, 791 (Tex. Crim. App. 1983); *Minor*, 469 S.W.2d at 580. Point of error four is overruled.

The judgment of conviction is affirmed.[1]

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: October 18, 2001

Do Not Publish

---

[1] The State's "motion for continuance and to abate the appeal" is dismissed.