PD-0230-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/2/2015 12:00:00 AM
Accepted 3/2/2015 2:14:02 PM
ABEL ACOSTA
CLERK

PD No. _____

# IN THE COURT OF CRIMINAL APPEALS AT AUSTIN, TEXAS

| | | |
|---|---|---|
| **ROBERT THORNBURG, JR.** | § | |
| **Appellant** | § | |
| | § | **CAUSE NO. 11-12-00328-CR** |
| **V.** | § | **TRIAL COURT NO. 21,718** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

## PETITION FOR DISCRETIONARY REVIEW FROM THE ELEVENTH COURT OF APPEALS AT EASTLAND, TEXAS

## CHIEF JUSTICE J. WRIGHT, PRESIDING

## PETITION OF PETITIONER (APPELLANT)

FILED IN
COURT OF CRIMINAL APPEALS

March 2, 2015

ABEL ACOSTA, CLERK

**COPELAND LAW FIRM**
**P.O. Box 399**
**Cedar Park, Texas 78613 Tel. 512-897-8126**
**Fax. 512-215-8144**
**email:  ecopeland63@yahoo.com**

**ERIKA COPELAND**
**State Bar No. 16075250 Attorney for Appellant**

# TABLE OF CONTENTS

**Page**

**Table of Contents** *i*

**Index of Authorities/Identity of Trial Court and Parties** *ii-iv*

**Statement Regarding Oral Argument** 1

**Statement of the Case** 2

**Statement of the Procedural History of the Case** 3

**Ground for Review** 3

> The trial court not only allowed the state to describe appellant as a "sociopath" over objection where there was no testimony, expert or otherwise, to that effect, it also commented that the state's argument was a reasonable inference from the evidence. Did the Court of Appeals' decision supporting that ruling encourage the use of the epithet any time a defendant denies guilt? (*See* R.R. 5, pp.135-136, and ***Shannon v. State***, 942 S.W. 2d 591, 597 (Tex. Crim. App.1996).

**Summary of the Argument** 3

**Background** 4

**Statement of Pertinent Evidence** 5

**Court of Appeals' Decision** 6

**Argument** 7

**Prayer** 13

**Certificate of Service and of Compliance with Rule 9** 14

*i*

# INDEX OF AUTHORITIES

**Authorities**                                                              **Page**

## Texas Court of Criminal Appeals' cases

***Berry v. State***                                                         **9**
  233 S.W.3d 847 (Tex. Crim. App. 2007)

***Borjan v. State***                                                        **8**
  787 S.W.2d 53 (Tex. Crim. App. 1990)

***Brown v. State***                                                         **10,11**
  122 S.W.3d 794 (Tex. Crim. App. 2003)

***Brown v. State***                                                         **8**
  270 S.W.3d 564 (Tex. Crim. App. 2008)

***Freeman v. State***                                                       **8**
  340 S.W.3d 717 (Tex. Crim. App. 2011)

***Guidry v. State***                                                        **8**
  9 S.W.3d 133 (Tex. Crim. App. 1999)

***Kepp v. State***                                                          **8**
  876 S.W.2d 330 (Tex. Crim. App. 1994)

***Mosley v. State***                                                        **9**
  983 S.W.2d 249 (Tex. Crim. App. 1998)

***Shannon v. State***                                                       **3,9,10,**
  942 S.W. 2d 591 (Tex. Crim. App.1996)                                      **12,13**

# INDEX OF AUTHORITIES, continued

**Authorities**                                                                           **Page**

## Court of Appeals cases

***Bachus v. State***                                                                        **11**
    803 S.W.2d 402 (Tex. App. – Dallas 1991, *pet. ref'd*)

***Cifuentes v. State***                                                                      **8**
    983 S.W.2d 891 (Tex. App. – Houston
    [1st Dist.] 1999, *pet. ref'd*)

***Clark v. State***                                                                         **11**
    878 S.W.2d 224 (Tex. App. – Dallas 1994, no pet.)

***Davis v. State***                                                                          **9**
    894 S.W.2d 471 (Tex. App. – Fort Worth 1995, *no pet.*)

***Joung Youn Kum v. State***                                                                 **12**
    331 S.W.3d 156 (Tex. App. – Houston [14th Dist.]
      2011, *pet. ref'd*)

***Morrow v. State***                                                                         **9**
    757 S.W.2d 484 (Tex. App. – Houston [1st Dist.]
    1988, *pet. ref'd*)

***Spurlock v. State***                                                                       **6**
    No. 11-11-00010-CR, 2013 WL 205388 at 6
    (Tex. App. – Eastland January 18, 2013, no pet.)

## Statutes

**TEX. PENAL CODE §22.011 (West 2011)**                                                       **3**

## IDENTITY OF TRIAL COURT AND PARTIES

**TO THE HONORABLE COURT OF APPEALS:**

**NOW COMES** Robert Thornburgh, Jr., Appellant, and would show the Court the trial court and interested parties herein are as follows:

**HON. STEPHEN ELLIS,** Judge Presiding, 35th Judicial District Court, Brown County, Texas.

**ROBERT THORNBURGH, JR**., Appellant, TDCJ Number 01915283, Bill Clements Unit, 9601 Spur 591, Amarillo, Texas 79107.

**RANDY TAYLOR**, Trial Attorney for Appellant, 205 Center Avenue, Brownwood, Texas 76801.

**ERIKA COPELAND**, Appellate Attorney for Appellant, 930 S. Bell Blvd., Suite 408, Cedar Park, Texas 78613.

**SAM C. MOSS**, Brown County Assistant District Attorney, Trial Attorney for Appellee, the State of Texas, 200 South Broadway, Brownwood, Texas 76801.

**MICHAEL MURRAY**, Brown County District Attorney, Appellate Attorney for Appellee, the State of Texas, 200 South Broadway, Brownwood, Texas 76801.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes the clarity of the issue in this case is such that oral argument would add nothing.

PD No. _____

## IN THE COURT OF CRIMINAL APPEALS
## AT AUSTIN, TEXAS

| | | |
|---|---|---|
| **ROBERT THORNBURGH, JR.** | § | |
| **Appellant** | § | |
| | § | **CAUSE NO. 11-12-00328-CR** |
| **V.** | § | **TRIAL COURT NO. 21,718** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

---

## PETITION FOR DISCRETIONARY REVIEW
## FROM THE ELEVENTH COURT OF APPEALS
## AT EASTLAND, TEXAS

## CHIEF JUSTICE J. WRIGHT, PRESIDING

## PETITION OF PETITIONER (APPELLANT)

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

### STATEMENT OF THE CASE

A jury convicted Robert Thornburgh, Jr. of two counts of sexual assault of a child. *See* **TEX. PENAL CODE §22.011 (West 2011)**. Thornburgh pleaded true to two enhancement allegations, and the trial court assessed his punishment for each count at confinement in the Texas

Department of Criminal Justice's Institutional Division for life, with the sentences to be served consecutively. (C.R. 1, pp. 122-123 and R.R. 6, pp. 169-170).

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The Eleventh Court of Appeals at Eastland, Texas, by Memorandum Opinion dated February 5, 2015, affirmed Thornburgh's convictions and sentences. A copy of that opinion is hereto attached as if fully incorporated herein at length.

## GROUND FOR REVIEW

The trial court not only allowed the state to describe appellant as a "sociopath" over objection where there was no testimony, expert or otherwise, to that effect, it also commented that the state's argument was a reasonable inference from the evidence. Did the Court of Appeals' decision supporting that ruling encourage the use of the epithet any time a defendant denies guilt? (*See* R.R. 5, pp.135-136, and *Shannon v. State*, 942 S.W. 2d 591, 597 (Tex. Crim. App.1996).

## SUMMARY OF THE ARGUMENT

In final argument, the trial court overruled the defense objection to the state's use of the epithet "sociopath" in describing Thornburgh. It also commented that the state was entitled to make reasonable inferences from

the evidence thus suggesting to the jury that the epithet was justified. There was no testimony, expert or otherwise, that Thornburgh was a sociopath. The Court of Appeals, in its opinion supporting the trial court's ruling, suggests that the epithet may be used anytime a defendant's character or veracity is questioned by the prosecution.

## BACKGROUND

In 2006, Thornburgh was alleged to have entered into a sexual relationship with a fourteen-year-old girl. V.A. testified that she had met Thornburgh after he moved in with his sister – who was the mother of V.A.'s friend. (R.R. 3, pp. 23-27). After an initial sexual encounter in Thornburgh's bedroom, V.A. said that she and Thornburgh thereafter began a relationship that included sexual intercourse on a regular basis. (R.R. 3, pp. 43-45). V.A. testified that she moved to Waco in November 2006, when her parents moved her to live with an aunt. V.A. testified that she returned to Coleman in 2007, but by then Thornburgh had begun a relationship with another girlfriend. V.A. said that she met Thornburgh one last time and had sexual intercourse in May, 2010, when she was nineteen and pregnant with her first child. (R.R. 3, pp. 50-51). After the birth of that baby, she testified, Child Protective Services (CPS) became involved with her family, and during a visit by a caseworker, V.A. said she told CPS about her prior

relationship with Thornburgh. A criminal investigation ensued that resulted in the instant convictions. (R.R. 3, pp. 53-56).

Thornburgh denied that he sexually assaulted V.A. or that he acted in any way inappropriately with her. His specifically denied certain details of V.A.'s story. He concluded his defense by saying that V.A. and her friends had fabricated the allegations against him, that "all these people were lying", that certain events were taken out of context, and that others had never occurred. (R.R. 3, pp. 295-297).

## STATEMENT OF PERTINENT EVIDENCE

During the State's argument on guilt-innocence, the prosecutor called Thornburgh a "sociopath." Defense counsel objected and requested a mistrial. (R.R. 5, p. 135). The trial court denied the mistrial whereupon Thornburgh's counsel asked that the jury "be told to disregard" the State's use of the term. The trial court responded as follows: "Overruled. This is final argument. You can argue any reasonable inference in the case. There has been no testimony from anyone about being a sociopath, but this is final argument. You may argue if you think the evidence tends to indicate your view of the case. You may proceed." (R.R. 5, pp. 135-136). The following exchange occurred as the State resumed its argument:

STATE: That's why I'm arguing that. That's a person that can't tell you the truth. That is a person that can't comport - -

DEFENSE COUNSEL: Objection, Your Honor.

STATE: - - what the community expects out of us.

DEFENSE COUNSEL: Now he is testifying to the jury. There is no evidence in this trial whatsoever that an expert has given a sociopath definition.

THE COURT: And that is true and the jury is so instructed, but final argument is not confined to just the evidence. It's also reasonable inferences that can be drawn from the evidence. The attorneys can attempt to point those out.

You may do so.

– (R.R. 3, p. 136).

**COURT OF APPEALS' DECISION**

a. *Jury Argument*

The Court of Appeals held that the prosecution assertion that Thornburgh was a "sociopath" constituted a "reasonable inference from the evidence" and thus "was not improper." (*Slip op.* at 6 *citing **Spurlock v.***

*State*, No. 11-11-00010-CR, 2013 WL 205388 at 6 (Tex. App. – Eastland January 18, 2013, no pet.)). The use of the term, the Court of Appeals noted, "was intended to demonstrate the repeated misstatements by Appellant in cross-examination and to urge the jurors to make reasonable inferences and deductions from the evidence." (*Slip op*. at 7).

b. *Comment on the Weight of the Evidence*

Thornburgh also argued before the appellate court that the trial court's remarks, when it overruled his objection to the State's use of the epithet, constituted an impermissible comment on the weight of the evidence. The Court of Appeals disagreed. That appellate court held that the trial court's comment – that in closing arguments the State may make reasonable inferences from the evidence – "merely stated a correct rule of law." (*Slip op.* at 8). Thus, the Court of Appeals reasoned, the comment "cannot be seen as tainting Appellant's presumption of innocence or vitiating the impartiality of the jury. . . ." (*Slip op*. at 8).

## ARGUMENT

*Permissible Areas for Jury Argument*

As this Court well knows, there are four permissible areas for jury argument: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) an answer to the argument of opposing counsel; and (4) a

plea for law enforcement. ***Brown v. State***, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). ***Cifuentes v. State***, 983 S.W.2d 891, 895 (Tex. App. – Houston [1st Dist.] 1999, *pet. ref'd*). "The law provides for, and presumes a fair trial, free from improper argument by the prosecuting attorney." ***Cifuentes***, 983 S.W.2d at 895. A prosecutor may not use closing argument to present new evidence before the jury that is outside the record and prejudicial to the accused. *See **Freeman v. State***, 340 S.W.3d 717 (Tex. Crim. App. 2011). References to facts that are neither in evidence, nor inferable from the evidence, are improper. *See **Borjan v. State***, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990). An improper argument constitutes reversible error when, in light of the record as a whole, it is extreme or manifestly improper, violates a mandatory statute, or injects new facts harmful to the accused into the trial proceedings. *See*, ***Guidry v. State***, 9 S.W.3d 133 (Tex. Crim. App. 1999).

*Denial of Mistrial*

An appellate court reviews a denial of a mistrial under an abuse-of-discretion standard. ***Kepp v. State***, 876 S.W.2d 330 (Tex. Crim. App. 1994). A mistrial is warranted only after the appellate court balances three factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of

Petition for Discretionary Review
*Robert Thornburg, Jr. v. The State of Texas*
No. 11-12-00328-CR                                              8

the conviction absent the misconduct (the strength of the  evidence supporting the conviction. ***Berry v. State***, 233 S.W.3d 847, 858-859  (Tex. Crim. App. 2007); ***Mosley v. State***, 983 S.W.2d 249, 259 (Tex. Crim.  App. 1998**)**. Notably, an instruction to disregard improper jury  argument generally suffices to cure improper argument error. ***Morrow v. State***, 757 S.W.2d 484, 494 (Tex. App. – Houston [1ˢᵗ Dist.] 1988, *pet. ref'd*); ***Davis v. State***, 894 S.W.2d 471, 474-475 (Tex. App. – Fort Worth 1995, *no pet.*).

*Comments on the Weight of the Evidence*

In this case, in deciding whether the trial court abused its discretion  in denying his request for mistrial, Thornburgh asked that the Court of Appeals not only find that the state's final argument was impermissible, but that  the trial court's comments in overruling appellant's request for  mistrial constituted impermissible comments on the evidence that affected  his presumption of innocence before the jury and violated his right to a fair trial by an impartial jury.

*Analysis*

In ***Shannon v. State***, 942 S.W. 2d 591,597 (Tex. Crim. App. 1996), in the punishment phase of a capital murder trial, the prosecutor argued:

> "You know, I had some things I planned on saying, but  I
>
> don't know what else to say.   I don't know how to respond    to

that argument that was made. That is a killer. That is a rapist.

His past shows you he never expresses any remorse over what

he's done, and he doesn't want to change. That is a sociopath."

The Defendant objected, and the trial court instructed the jury to disregard the argument. *Id.* The court denied the defendant's motion for a mistrial. *Id.* The jury returned special issues contrary to the defendant, and the court sentenced the defendant to death. *Id*. at 594. The Court of Criminal Appeals concluded that the comment calling the defendant a sociopath was improper. *Id*. at 598.[1]

Here, the severity of the misconduct (*i.e.*, the magnitude of the prejudicial effect of the prosecutor's improper argument) cannot be viewed in a vacuum. Rather, the impact of the argument by the state must be assessed with that of the trial court's improper comment as well that the state's argument, however prejudicial, was only an *inference* from the evidence.

A trial court must refrain from making any remark calculated to convey to the jury its opinion of the case. ***Brown v. State***, 122 S.W.3d 794,

---

[1] While the Court of Criminal Appeals ultimately held that the impermissible argument in **Shannon** should *not* result in a mistrial, it did so mainly because there had been a curative instruction. **Shannon** at 598.

798 (Tex. Crim. App. 2003). In **Brown**, the Court of Criminal Appeals explained the rationale for this rule, stating:

> [J]urors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved.

> -122 S.W.3d at 798.

The trial court improperly comments on the weight of evidence if it makes a statement that implies approval of the state's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. **Clark v. State**, 878 S.W.2d 224, 226 (Tex. App. – Dallas 1994, no pet.). Jurors tend to take hold of a trial judge's remarks, which they often "interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved." **Bachus v. State**, 803 S.W.2d 402, 405 (Tex. App. – Dallas 1991, *pet. ref'd*). The **Bachus** court observed, "it defies logic and common sense to expect a jury to tell its 'own judge' that he is wrong." **Bachus**, 803 S.W.2d at 405. The law commands that a judge presiding over a trial shall govern the trial and his own conduct in such a manner that his opinion of the merits of the case or the credibility of the witnesses shall not be made known to the jury.

***Shannon***, in turn it is submitted, stands for the proposition that the use of "sociopath," without any witness testimony, expert or otherwise, strays outside the record and is improper. Here, on the other hand, the appellate court suggests that that proposition fails where there is any conflicting testimony by a defendant or where the state questions a defendant's veracity. In those circumstances, the Court of Appeals' opinion suggests, the door is opened for the use of epithets such as that argued here. After all, the appellate court noted, the use of the term here "was intended to demonstrate the repeated misstatements by Appellant in cross-examination…." (*Slip op*. at 7). Surely, the ***Shannon*** Court intended more.

Finally, while the Court of Appeals noted an instruction to disregard statements outside the record will generally cure any error, here 1) the trial court denied the request to disregard, and 2) it injected a statement suggesting its dismissive opinion of defendant's testimony, thereby adding insult to injury. The Court of Appeals' reasoning that the trial court's comments "merely stated a correct rule of law" does not address the harm of the comments or their potential for prejudice as was done in the case of ***Joung Youn Kim,*** the case the appellate court cites to support its position. *See*, ***Joung Youn Kum v. State***, 331 S.W.3d 156, 160 (Tex. App. – Houston [14th Dist.] 2011, *pet. ref'd*).

In sum, if the state's use of the epithet in this case was improper argument, as held in ***Shannon***, it must follow that the trial court's comments that the epithet was a reasonable inference from the evidence where there was no testimony, expert or otherwise, was also error. The Court of Appeals compounded the trial court's error in its opinion by suggesting that epithets such as that used by the state in this case are appropriate anytime the defendant denies his guilt.

## PRAYER

**WHEREFORE**, Thornburgh prays that this Court reverse the judgment of the appellate court and remand for reconsideration by the appellate court of Appellant's complaints in keeping with its findings herein.

> **COPELAND LAW FIRM**
> P.O. Box 399
> Cedar Park, TX 78613
> Phone/Text: 512.897.8126
> Fax: 512.215.8114
> Email: ecopeland63@yahoo.com
>
> By: /s/ Erika Copeland
> Erika Copeland
> State Bar No. 16075250
> Attorney for Appellant

## CERTIFICATE OF SERVICE AND OF
## COMPLIANCE WITH RULE 9

This is to certify that on February 26, 2015, a true and correct copy of the above and foregoing document was served on the State Prosecuting Attorney, PO Box 12405, Capitol Station, Austin, TX 78711, and on Michael Murray, District Attorney, Brown County Courthouse, Room, 323, 200 S. Broadway, Brownwood, Texas 76801, in accordance with the *Texas Rules of Appellate Procedure*, and that this Petition for Discretionary Review is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 2460 words.

/s/ <u>Erika Copeland</u>
Erika Copeland



11TH COURT OF APPEALS ·
EASTLAND, TEXAS
JUDGMENT

Robert Thornburgh, Jr.,

\* From the 35th District

Court of Brown County,
Trial Comi No. 21718.

Vs. No. 11-12-00328-CR

\* February 5, 2015

· The  State of Texas,

\* Memorandum Opinion by Bailey, J.

(Panel consists of: Wright, C.J.,
\Villson, J., and Bailey,  J.)

This court has inspected the record in this cause and concludes that there is no enor in the judgment below. Therefore, in accordance with this  court's opinion, the judgment  of the trial comi is in all things affirmed.



In The

# ELEVENTH COURT OF APPEALS

No. 11-12-00328-CR

ROBERT THORNBURGH, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. 21718

M E M O R A N D U M   O P I N I O N

Appellant, Robert Thornburgh, Jr., pleaded not guilty to two counts of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011 (West 2011). The jury found Appellant guilty of both counts. Appellant pleaded true to two enhancement allegations. The trial.court assessed his punishment for each count at confinement in the Institutional Division of the Texas Department of Criminal Justice for life, with the sentences to be served consecutively. Appellant argues

that Section 22.01 1 (a)(2) of the Texas Penal Code is unconstitutional. Appellant also argues that the trial court erred when it failed to grant a mistrial based upon prejudicial jury argument made by the State and that the trial court 's response to the jury argument constituted an impermissible comment on the '''eight of the evidence. We affi1m.

*Background Facts*

Although Appellant does not dispute the sufficiency of the evidence, we will briefly summarize the evidence presented at trial. The record shows that, in 2006, Appellant entered into a sexual relationship with V.A., a fourteen-year-old girl.

V.A. stated that, early in 2006, she went over to Appellant's sister's house to talk to Appellant. While there, she used the restroom. When she came out of the bathroom, Appellant asked her into the bedroom. After lying on the bed, Appellant proceeded to kiss V.A. and initiate sex. V.A. told Appellant to stop and told him that it hurt, but he continued.

After the first time, Appellant and V.A. continued to have sex every week in various locations in Brown County, with one occasion out by TYC, a state school located in Brownwood. V.A. testified that Appellant drove her and K.W.C., her friend, to a lake in Abilene where he had sex with V.A. K.W.C. also testified about the Abilene trip and stated that Appellant and V.A. had sex. V.A. testified that her relationship with Appellant was interrupted in November 2006 when she moved to Waco after her parents learned of the relationship.

Appellant denied that he dated or had sexual relations with V.A. while she was underage. Appellant admitted to a sexual encounter with V.A. when she was nineteen. Appellant described V.A.'s testimony as lies. He also denid the trip to Abilene with V.A. and K.W.C. Appellant testified that all of the State's witnesses had lied about ce1iain events. Appellant's defense was that he wa falsely accused and set up by the State'switnesses.

2

*Analysis*

A.    *Constitutionality of Section 22.011(a)(2)*

In his first issue on appeal, Appellant argues that Section 22.0 l l (a)(2) is unconstitutional in violation of both the federal Due Process Clause and the Texas constitution's due course of law provision. Appellant contends that the statute is unconstitutional because it fails to require a culpable mental state that relates to the conduct alleged and because it fails to allow a mistake-of-fact defense about the victlm 'sage.

Appellant lodges a "facial" challenge to the constitutionality of Section 22.0 l l (a)(2). A facial challenge asserts that a statute, by its te1ms, always operates unconstitutionally. *Gillenwaters v. State,* 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006). An "as applied" challenge to the constitutionality of a statute asserts that a statute, although generally constitutional, operates unconstitutionally as to the claimant because of his particular circumstances. *Id.* at n.3. Facial and as-applied challenges to the constitutionality of statutes are forfeited if they are not raised in the trial comi. *Karenev v. State,* 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (facial challenge); *Cuny v. State,* 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (as-applied challenge). Appellant did not challenge the constitutionality of Section 22.0 ll (a)(2) in the t1ial comi. Therefore, Appellant did not preserve the issue for appellate review. *See* TEX. R. APP. P. 33.1; *Karenev,* 281 S.W.3d at 434. Appellant's first issue is overruled.

We note that courts have upheld the constitutionality of Section 22.011(a) (2) and Section 22.021 of the Penal Code[1] when faced with arguments that were similar to those raised by Appellant in this appeal. *Fleming v. State,* 376 S.W.3d 854, 85762 (Tex. App.-Fort Worth 2012), *aff'd,* No. PD-1250-12, 2014 Tex.

---

[1]TEX. PENAL CODE ANN. § 22.021 (West Supp. 2014).

Crim. App. Lexis 879 (Tex. Crim. App. June 18, 2014), *cert. denied,* 2015 WL 231987 (U.S. Jan. 20, 2015) (No. 14--559) (Section 22.021);[2] *Byrne v. State,* 358 S.W.3d 745, 748-51 (Tex. App.San Antonio 2011, no pet.) (Section 22.0 1 1 (a)(2)(A)). Had Appellant preserved his issue for review, we would conclude, based on the reasoning of these courts, that Section 22.0 1 1 (a)(2) is not unconstitutional.

### B. *July Argument*

In his second issue, Appellant complains that the prosecutor made an improper jury argument in his closing arguments when he characterized Appellant as a "sociopath." The following exchange took place during the complained-of jmy argument:

> [PROSECUTOR]: Remember I made him go through and name them again just to make sure these were all the times you have been to Abilene. Well, then what comes out? He lives in Abilene. He grew up in Abilene. His dad had a mechanic shop in Abilene. The man was driving back and forth to Abilene at different points. Why not tell you that? Because he is a sociopath. He is going to tell youwhatever he needs to tell you --

> [DEFENSE COUNSEL]: Objection, Your Honor. To characterize him as a sociopath without any evidence in this trial, I would request a mistiial at this time.

> THE COURT: Denied.

> [DEFENSE COUNSEL]: Well, then I would ask that he be admonished not to use technical words like that that are -- that are required by an expert to be decided, which has not been done, and that the jury be told to disregardit.

---

[2]0n June 18, 2014, the Court of Criminals Appeals affirmed the opinion of the Fort Worth Court of Appeals in *Fleming v. State.* The Court of Criminal Appeals issued its mandate in *Fle1ning* on October 14, 2014. However, the Court of C1iminal Appeals subsequently withdrew its mandate on November 3, 2014. Based upon that withdrawal, West Publishing has withdrawn the court's opinion from both Westlaw and West's bound volume. The opinion of the Court of Criminal Appeals remains on Lexis as of the date of this opinion.

THE COURT: Overruled. This is final argument. You can argue any reasonable inference in the case. There has been no testimony from anyone about being a sociopath, but this is final argument. You may argue if you think the evidence tends to indicate your view of the case.

You mayproceed.

[PROSECUTOR]: That's why I'm arguing that. Th.at's a person that can't tell you the truth. That is a person that can't comport --

[DEFENSE COUNSEL]: Objection, Your Honor.

[PROSECUTOR]: -- what the community expects out of us.

[DEFENSE COUNSEL]: Now he is testifying to the jury. There is no evidence in this trial whatsoever that an expert has given a sociopathdefinition.

THE COURT: And that is true and the jmy is so instructed, but final argument is not confined to just the evidence. It's also reasonable inferences that can be drawn from the evidence. The attorneys can attempt to point those out.

You may do so.

Proper jmy argument generally falls within four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Brown v. State,* 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *Esquivel v. State,* 180 S.W.3d 689, 692 (Tex. App.-Eastland 2005, no pet.). Counsel is allowed wide latitude to draw inferences from the record, as long as the inferences are reasonable, fair, legitimate, and offered in good faith. *Shannon v. State,* 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). We review a t1ial court's denial of a motion for new trial for an abuse of discretion. *Holden v. State,* 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); *Lewis v. State,* 911 S.W.2d l, 7 (Tex. Crim. App. 1995).

The prosecutor called · Appellant a · "sociopath" and commented that Appellant would say whatever necessary to avoid a conviction. The Comi of

5

Criminal Appeals has stated that the use of "sociopath," without any witness testimony, does stray outside the record. *Shannon,* 942 S.W.2d at 597. However, there was conflicting testimony in regard to Appellant's character and whether he told the tluth. On direct examination, Appellant testified that he had only been to Abilene five times . since he moved to Brownwood. On cross-examination, Appellant, however, testified that he used to live in Abilene, that he grew up in Abilene, that his father had a mechanic shop in Abilene, and that Appellant drove back and forth to Abilene numerous times. The prosecutor's comment that Appellant is "a sociopath" and "is going to tell you whatever he needs to tell you," thus questioning Appellant's truthfulness, was an appropriate inference from the evidence. *Spurlock v. State,* No. 11-11-00010-CR, 2013 WL 205388, at *6 (Tex. App.Eastland January 18, 2013, no pet.). The trial court did instruct that the definition of sociopath was outside the record. An instruction to disregard statements outside the record will generally cure any error. *Freeman v. State,* 340 S.W.3d 717, 727-28 (Tex. Crim. App. 2011). Therefore, the comment was a reasonable inference from the evidence, and the argument was not improper.

Even if the prosecutor's comment was improper, we cannot agree that any harm warrants the remedy of reversal. An improper comment made in closing argument is considered a nonconstitutional error. *Martinez v. State,* 17 S.W.3d 677, 692 (Tex. Crim. App. 2000). A nonconstitutional error that does not affect substantial rights must be disregarded. TEX. R. *APP.* P. 44.2(b); *Martinez,* 17 S.W.3d at 692; *Mosley v. State,* 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). To determine the harm of an improper jury argument, three factors are balanced: (1) the severity of the misconduct (the magnitude of the prejudicial effect); (2) curative measures (the efficacy of any cautionary instruction by the trial court); and (3) the ce1iainty of the conviction in the absence of misconduct (the strength of the evidence that supports the conviction). *Martinez,* 17 S.W.3d at 692–93.

6

The prosecutor's comment was not of such great magnitude as to cause Appellant severe prejudice. The use of the term "sociopath" was intended to demonstrate the repeated misstatements by Appellant in cross-examination and to urge the jurors to make reasonable inferences and deductions from the evidence. Jurors heard contradictory testimony from Appellant and several of the State's witnesses about trips to · Abilene and were able to decide for themselves the credibility of the witnesses. Furthermore, there is strong evidence that supports Appellant's conviction. Accordingly, we hold that the trial court did not abuse its discretion when it ovenuled Appellant's objection to the State's jury argument and denied Appellant's request for a mistrial: We ove1rule Appellant's second issue.

C. *Comment on the Weight of the Evidence*

In his third issue on appeal, Appellant argues that the failure to grant the mist1ial was an impermissible comment on the weight of the evidence by the trial court. Appellant contends that the trial court's comments indicated a disbelief in Appellant's position that he was falsely accused and implied approval that Appellant was a · sociopath and, thus, incapable of telling the t1uth. While Appellant made neither a timely objection to the judge's comments nor a request for a limiting instrnction, we need not address whether Appellant waived this issue. *See Unkart v. State,* 400 S.W.3d 94, 99, 102 n.37 (Tex. Crim. App. 2013) (recognizing that, "[o]rdinarily, a complaint regarding . an improper judicial comment must be preserved at trial" but declining to address the procedural consequences of a late objection); *Sharp v. State,* 707 S.W.2d 611, 619 (Tex. C1im. App. 1986); *Minor v. State,* 469 S.W.2d 579, 580 (Tex. Crim. App. 1971). However, we will neve1theless determine whether the trial court made an impermissible comment on the weight of the evidence.

When the trial court determines the admissibility of evidence, it shall not discuss or comment upon the weight of the same or its bearing in the case, but shall

simply decide whether or not it .is admissible. TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 1979). A trial court must refrain from making any remark calculated to convey to the jury its opinion of the case. *Brown v. State,* 122 S.W.3d 794, 798 (Tex. Crim. App. 2003).

A trial comi improperly comments on the weight of the evidence if it makes a statement that implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. *See Joung Youn Kim v. State,* 331 S.W.3d 156, 160 (Tex. App.-Houston [14th Dist.] 2011, pet. ref d). If a trial judge makes an improper comment on the weight of the evidence, we must then decide whether the comment was material. *Id.* (citing *Simon v. State,* 203 S.W.3d 581, 592 (Tex. App.-Houston [14th Dist.] 2006, no pet.)). Only if the comment is material must we determine whether it rises to the level of reversible error. *See id.*

The trial comi overruled Appellant's objection to the use of the term "sociopath" and denied the request for a mistrial. However, the court merely stated a correct rule of law-that in closing arguments the State may make reasonable inferences from the evidence. *See Brown,* 270 S.W.3d at 570. The court did agree and instructed the jury that no sociopath definition had been entered intoevidence. Appellant did not request an instruction to disregard the comi's comments on the use of "sociopath" by the State. The court's comments cannot be seen as tainting Appellant's presumption of innocence or vitiating the impartiality of the jmy, and if there were any residual harm, it would have been cured by a timely inshuction to disregard. *See Unkart,* 400 S.W.3d at 102; *Jasper v. State,* 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). We ovenule Appellant's third issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

February 5, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.